| | |
|---|---|
| 1 | DANIEL M. PETROCELLI (S.B. # 97802) |
| | dpetrocelli@omm.com |
| 2 | DREW E. BREUDER (S.B. # 198466) |
| | dbreuder@omm.com |
| 3 | NICOLE M. CAMBEIRO (S.B. # 313433) |
| | ncambeiro@omm.com |
| 4 | O'MELVENY & MYERS LLP |
| | 1999 Avenue of the Stars, 8th Floor |
| 5 | Los Angeles, California  90067-6035 |
| | Telephone:   (310) 553-6700 |
| 6 | Facsimile:   (310) 246-6779 |
| 7 | Attorneys for Defendants |
| | The Walt Disney Company and ABC, Inc. |

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MJJ PRODUCTIONS, INC., a California corporation, OPTIMUM PRODUCTIONS, a California corporation, NEW HORIZONS TRUST III, LLC, a Delaware limited liability company, d/b/a MIJAC MUSIC, THE MICHAEL JACKSON COMPANY, LLC, a Delaware limited liability company, and MJJ VENTURES, INC., a California corporation,<br><br>Plaintiffs,<br><br>v.<br><br>THE WALT DISNEY COMPANY, a Delaware corporation, ABC, INC., a Delaware corporation, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No. 2:18-cv-04761-PSG-(SKx)<br><br>Hon. Philip S. Gutierrez<br><br>**THE WALT DISNEY COMPANY'S AND ABC, INC.'S ANSWER AND AFFIRMATIVE DEFENSES IN RESPONSE TO PLAINTIFFS' FIRST AMENDED COMPLAINT** |

# INTRODUCTION

The Walt Disney Company and ABC, Inc. (together, "ABC"), by and through their attorneys, hereby answer the first amended complaint ("Complaint," Doc. 24) filed by plaintiffs MJJ Productions, Inc., Optimum Productions, New Horizons Trust III, LLC, The Michael Jackson Company LLC, and MJJ Ventures, Inc. (collectively, "Plaintiffs").

This case is about the right of free speech under the First Amendment, the doctrine of fair use under the Copyright Act, and the ability of news organizations to use limited excerpts of copyrighted works—here, in most instances well less than 1% of the works—for the purpose of reporting on, commenting on, teaching about, and criticizing well-known public figures of interest in biographical documentaries without fear of liability from overzealous copyright holders. *See*, *e.g.*, 17 U.S.C. § 107 ("[T]he fair use of a copyrighted work…for purposes such as *criticism, comment, news reporting*, *teaching*…, scholarship, or research, is *not* an infringement of copyright.") (emphasis added). As Plaintiffs acknowledge, Michael Jackson ("Jackson") is one of the most iconic performers of the last century, and his music career, tumultuous personal life, and tragic passing continue to be enduring topics of public interest even today, nearly a decade after his passing. ABC News used and incorporated short excerpts of some songs, music videos and other material featuring Jackson within a two-hour documentary entitled *The Last Days of Michael Jackson* for the purpose of providing historical context and explanation tracing the arc and aspects of Jackson's life and career—precisely what is contemplated and permitted by the First Amendment. Plaintiffs' lawsuit, in violation of these legal principles, constitutes an attempt to exercise unfettered control over public commentary and opinion on Jackson's life and career.

As set forth below, ABC denies that it is liable in any way for the copyright infringement claims alleged by Plaintiffs and will request that the Court dismiss the Complaint in its entirety with prejudice and enter judgment in its favor.

# ANSWER

## JURISDICTION AND VENUE

1. ABC admits that the Complaint purports to allege claims for copyright infringement against The Walt Disney Company and ABC, Inc., but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 1 of the Complaint and on that basis denies the allegations.

2. The allegations in Paragraph 2 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

3. The allegations in Paragraph 3 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

## FACTUAL ALLEGATIONS

4. ABC admits that it or its affiliates own intellectual property rights in and to various entertainment-related works, and that ABC, Inc. is owned indirectly by The Walt Disney Company. The remaining allegations in Paragraph 4 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

5. ABC admits that it or its affiliates own intellectual property rights in and to various entertainment-related works and that it endeavors to protect those rights. ABC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 5 of the Complaint and on that basis denies the allegations.

   a. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5(a) of the Complaint and on that basis denies the allegations.

    b. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5(b) of the Complaint and on that basis denies the allegations.

    c. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 5(c) of the Complaint and on that basis denies the allegations.

 6. ABC admits that *The Last Days of Michael Jackson* (the "Documentary") aired on May 24, 2018 at 8 p.m. (EST) and 7 p.m. (Central). ABC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 6 of the Complaint and on that basis denies the allegations.

 7. ABC admits that the Documentary is titled *The Last Days of Michael Jackson* and that a May 25, 2018 *Rolling Stone* article by Elias Leight concerning the Documentary used, in part, the words quoted in Paragraph 7 of the Complaint, but otherwise denies the remaining allegations in Paragraph 7 of the Complaint.

 8. ABC admits the Documentary contains short excerpts of various musical and other works featuring Jackson that were included in the Documentary on a transformative and fair use basis. The remaining allegations in Paragraph 8 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

 9. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 9 of the Complaint that "the lifeblood of the Estate's business is intellectual property" and on that basis denies the allegation. The remaining allegations in Paragraph 9 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

 10. ABC admits the Documentary contains short excerpts of various musical and other works featuring Jackson that were included in the Documentary on a

transformative and fair use basis. The remaining allegations in Paragraph 10 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

11. ABC admits the Documentary contains short excerpts of various musical and other works featuring Jackson that were included in the Documentary on a transformative and fair use basis, but otherwise denies the remaining allegations in Paragraph 11 of the Complaint.

12. a. ABC admits the Documentary contains short excerpts of the songs referenced in Paragraph 12(a) of the Complaint that were included in the Documentary on a transformative and fair use basis. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations that Plaintiffs and other third parties own the rights to the songs identified in Paragraph 12(a) of the Complaint and on that basis denies the allegations. The remaining allegations in Paragraph 12(a) of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

b. ABC admits the Documentary contains short excerpts of the music videos referenced in Paragraph 12(b) of the Complaint that were included in the Documentary on a transformative and fair use basis. ABC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12(b) of the Complaint and on that basis denies the allegations.

c. ABC admits the Documentary contains short excerpts of the videos referenced in Paragraph 12(c) of the Complaint that were included in the Documentary on a transformative and fair use basis. ABC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12(c) of the Complaint and on that basis denies the allegations.

d. ABC admits the Documentary contains short excerpts of concert footage featuring Jackson that were included in the Documentary on a transformative and fair use basis. ABC lacks knowledge or information sufficient

to form a belief as to the truth of the remaining allegations in Paragraph 12(d) of the Complaint and on that basis denies the allegations.

   e. ABC admits the Documentary contains short excerpts of the *This Is It* and *Michael Jackson's Journey from Motown to Off the Wall* films that were included in the Documentary on a transformative and fair use basis. ABC further admits that ABC News licensed excerpts from a *20/20* interview of Jackson for use in *Michael Jackson's Journey from Motown to Off the Wall*. ABC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12(e) of the Complaint and on that basis denies the allegations.

   f. ABC admits that the Documentary contains short excerpts of footage from the 2009 memorial service for Jackson at Staples Center. ABC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12(f) of the Complaint and on that basis denies the allegations.

  13. ABC admits that prior to the broadcast of the Documentary Plaintiffs' counsel wrote to the General Counsel of The Walt Disney Company and spoke with an attorney for ABC, Inc. concerning two images appearing in the promotional materials for the Documentary and that, prior to this conversation, these images had been voluntarily removed from the promotional materials for the Documentary as a courtesy. ABC lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 13 of the Complaint and on that basis denies the allegations.

  14. ABC admits that prior to the broadcast of the Documentary, an attorney for ABC, Inc. told Plaintiffs' counsel the Documentary would contain short excerpts of works featuring Jackson on a transformative and fair use basis, but otherwise denies the remaining allegations in Paragraph 14 of the Complaint.

15. ABC admits that prior to the broadcast of the Documentary, an attorney for ABC, Inc. told Plaintiffs' counsel the Documentary would contain short excerpts of works featuring Jackson on a transformative and fair use basis, and did not identify the works by name. ABC denies that "[t]he Disney attorney said that its uses were all a 'fair use' because the program was a 'documentary'" or that "[w]hen pressed, the Disney attorney kept falling back on the fact that the program was a 'documentary.'" The remaining allegations in Paragraph 15 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

16. ABC admits that Plaintiffs' counsel sent letters to an attorney for ABC, Inc. dated May 22 and 23, 2018 and that no written response to these letters was provided, but otherwise denies the remaining allegations in Paragraph 16 of the Complaint.

17. The allegations in Paragraph 17 state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

18. The allegations in Paragraph 18 state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

19. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 19 of the Complaint and on that basis denies the allegations.

20. ABC admits the Documentary contains short excerpts of various musical and other works featuring Jackson that were included in the Documentary on a transformative and fair use basis, but otherwise denies the remaining allegations in Paragraph 20 of the Complaint.

21. The allegations in Paragraph 21 state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

22. ABC denies that it engaged in "flagrant and willful infringement of the Estate's copyrights." The remaining allegations in Paragraph 22 of the Complaint

state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

## PARTIES

23. ABC admits that Jackson was a popular musician, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 23 of the Complaint and on that basis denies the allegations.

24. ABC admits that Jackson appeared in music videos for the songs identified in Paragraph 24 of the Complaint, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 24 and on that basis denies the allegations.

25. ABC admits that Jackson performed the "moonwalk" dance at Motown's 25th anniversary special, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 25 of the Complaint and on that basis denies the allegations.

26. ABC admits that Jackson reportedly passed away on or about June 25, 2009, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 26 of the Complaint and on that basis denies the allegations.

   a.   ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26(a) of the Complaint and on that basis denies the allegations.

   b.   ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26(b) of the Complaint and on that basis denies the allegations.

   c.   ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26(c) of the Complaint and on that basis denies the allegations.

        d.    ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26(d) of the Complaint and on that basis denies the allegations.

        e.    ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 26(e) of the Complaint and on that basis denies the allegations.

27. ABC admits that the Complaint refers to Plaintiffs collectively as the "Estate," but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 of the Complaint and on that basis denies the allegations.

28. ABC admits that The Walt Disney Company is a Delaware corporation, but otherwise denies the remaining allegations in Paragraph 28 of the Complaint.

29. ABC admits that ABC, Inc. is owned indirectly by The Walt Disney Company, but otherwise denies the remaining allegations in Paragraph 29 of the Complaint.

30. ABC denies the allegations of Paragraph 30 of the Complaint as to The Walt Disney Company and ABC, Inc.  ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 30 of the Complaint as to any other defendants and on that basis denies the allegations.

## FURTHER ALLEGATIONS

31. ABC admits that Jackson reportedly passed away on or about June 25, 2009, but lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 31 of the Complaint and on that basis denies the allegations.

32. ABC admits that the Documentary aired on May 24, 2018 at 8 p.m. (EST) and 7 p.m. (Central) and that the Documentary included some paid advertising between segments of the show, but otherwise denies the remaining allegations of Paragraph 32 of the Complaint.

33. ABC admits that the Documentary was previously available for viewing on a few streaming services for a short period of time, but otherwise denies the allegations of Paragraph 33 of the Complaint.

34. ABC denies the allegations of Paragraph 34 of the Complaint.

35. ABC denies the allegations of Paragraph 35 of the Complaint.

36. ABC denies the allegations of Paragraph 36 of the Complaint.

37. The allegations in Paragraph 37 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

38. The allegations in Paragraph 38 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

39. The allegations in Paragraph 39 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

40. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 40 of the Complaint that the "Estate's investigation is ongoing," that the Estate owns copyrights to "other concert footage not listed here and several [other] photographs and images," and that the "Estate will amend this Complaint with those further works when further information is discovered," and on that basis denies the allegations. The remaining allegations in Paragraph 40 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

### FIRST CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT OF MICHAEL JACKSON'S SOUND RECORDINGS

41. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41(a)-(i) of the Complaint and on that basis denies the allegations.

42. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 of the Complaint and on that basis denies the allegations.

43. ABC admits the Documentary contains short excerpts of the songs referenced in Paragraph 41(a)-(i) of the Complaint that were included in the Documentary on a transformative and fair use basis.  The remaining allegations in Paragraph 43 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

44. The allegations in Paragraph 44 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

45. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 45 of the Complaint and on that basis denies the allegations.

46. The allegations in Paragraph 46 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

47. The allegations in Paragraph 47 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

48. ABC denies the allegations of Paragraph 48 of the Complaint.

49. The allegations in Paragraph 49 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

50. The allegations in Paragraph 50 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

## SECOND CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT
## OF MICHAEL JACKSON'S MUSICAL COMPOSITIONS

51. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51(a)-(g) of the Complaint and on that basis denies the allegations.

52. ABC admits the Documentary contains short excerpts of the songs referenced in Paragraph 51 of the Complaint that were included in the Documentary on a transformative and fair use basis. The remaining allegations in Paragraph 52 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

53. The allegations in Paragraph 53 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

54. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 54 of the Complaint and on that basis denies the allegations.

55. The allegations in Paragraph 55 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

56. The allegations in Paragraph 56 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

57. ABC denies the allegations of Paragraph 57 of the Complaint.

58. The allegations in Paragraph 58 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

59. The allegations in Paragraph 59 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

### THIRD CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT OF MICHAEL JACKSON'S AUDIOVISUAL WORKS

60. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60(a)-(q) of the Complaint and on that basis denies the allegations.

61. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 of the Complaint concerning ownership of and an application to register the copyright in *Michael Jackson's Journey from Motown to Off the Wall*, and on that basis denies the allegations. The remaining allegations in Paragraph 61 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

62. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 of the Complaint and on that basis denies the allegations.

63. ABC admits the Documentary contains short excerpts of the music videos and works referenced in Paragraphs 60(a)-(p) and 61-62 of the Complaint that were included in the Documentary on a transformative and fair use basis. The remaining allegations in Paragraph 63 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

64. The allegations in Paragraph 64 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

65. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 of the Complaint and on that basis denies the allegations.

66. The allegations in Paragraph 66 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

67. The allegations in Paragraph 67 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

68. ABC denies the allegations of Paragraph 68 of the Complaint.

69. The allegations in Paragraph 69 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

70. The allegations in Paragraph 70 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

## FOURTH CLAIM FOR RELIEF: COPYRIGHT INFRINGEMENT OF MICHAEL JACKSON'S THIS IS IT AND RELATED WORKS

71. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 of the Complaint and on that basis denies the allegations.

72. ABC admits the Documentary contains short excerpts of the *This Is It* film that were included in the Documentary on a transformative and fair use basis, and that it contains short excerpts of footage from the 2009 memorial service for Jackson at Staples Center. The remaining allegations in Paragraph 72 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

73. The allegations in Paragraph 73 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

74. ABC lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 74 of the Complaint and on that basis denies the allegations.

75. The allegations in Paragraph 75 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

76. The allegations in Paragraph 76 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

77. ABC denies the allegations of Paragraph 77 of the Complaint.

78. The allegations in Paragraph 78 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

79. The allegations in Paragraph 79 of the Complaint state a legal conclusion to which no answer is required; if such an answer is required, ABC denies the allegations.

## **AFFIRMATIVE DEFENSES**

80. As separate and additional defenses to the Complaint, and without suggesting or conceding that it has the burden of proof on any such defenses, ABC alleges as follows:

### FIRST AFFIRMATIVE DEFENSE
(Failure to State a Claim)

81. Plaintiffs' Complaint fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(First Amendment)

82. Plaintiffs' claims are barred in whole or in part by the First Amendment.

## THIRD AFFIRMATIVE DEFENSE

(Fair Use)

83. Plaintiffs' claims are barred in whole or in part by the doctrine of fair use.

## FOURTH AFFIRMATIVE DEFENSE

(*De Minimis* Use)

84. Without admitting any liability or infringement, any alleged use of the works purportedly owned by Plaintiffs was *de minimis*.

## FIFTH AFFIRMATIVE DEFENSE

(Wrong Parties)

85. Plaintiffs' claims are barred, in whole or in part, because the entities named in the Complaint—ABC, Inc. and The Walt Disney Company—were not responsible for producing and broadcasting the Documentary.

## SIXTH AFFIRMATIVE DEFENSE

(Lack of Ownership)

86. Plaintiffs' claims are barred in whole or in part because they do not own some or all of the purported rights at issue.

## SEVENTH AFFIRMATIVE DEFENSE

(Lack of Standing / Failure to Register)

87. Plaintiffs' claims are barred in whole or in part because they do not possess copyright registrations for some or all of the works at issue and therefore have no standing to assert their claims.

## EIGHTH AFFIRMATIVE DEFENSE

(Waiver / Estoppel / Acquiescence / Unclean Hands)

88. Plaintiffs' claims are barred in whole or in part by the doctrine of waiver, estoppel, acquiescence, and/or unclean hands.

## NINTH AFFIRMATIVE DEFENSE

(Innocent Intent)

89. Plaintiffs' claims and any relief sought against ABC are barred in whole or in part by the doctrine of innocent intent.

## TENTH AFFIRMATIVE DEFENSE

(Lack of Injury / Damages)

90. Plaintiffs' claims are barred in whole or in part because they have sustained no injury or damages.

## ELEVENTH AFFIRMATIVE DEFENSE

(Failure to Mitigate Damages)

91. Plaintiffs' claims are barred in whole or in part because they have failed to mitigate any alleged damages.

## ADDITIONAL DEFENSES

92. ABC is informed and believe and on that basis alleges that it may have additional defenses that are not fully known of and of which ABC is not presently aware. ABC reserves the right to add and assert additional defenses as discovery commences and when they are ascertained.

WHEREFORE, ABC respectfully requests that the Court enter an Order:

A. Dismissing Plaintiffs' Complaint in its entirety with prejudice;

B. Entering judgment in ABC's favor;

C. Awarding ABC its fees and costs incurred; and

D. Awarding such other and further relief as the Court may deem just and proper.

|   |   |
|---|---|
| Dated: August 13, 2018 | Respectfully submitted,<br><br>O'MELVENY & MYERS LLP<br><br>By: /s/ Daniel M. Petrocelli<br>Daniel M. Petrocelli<br>Attorneys for Defendants<br>The Walt Disney Company and<br>ABC, Inc. |